**Opinion issued October 22, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00956-CV

_____

## IN THE MATTER OF M.A.M., a Juvenile

On Appeal from the 313th District Court
Harris County, Texas
Trial Court Case No. 2022-00766J

## MEMORANDUM OPINION

Appellant, M.A.M., pleaded true to an allegation that he had engaged in delinquent conduct by committing aggravated robbery.[1]  The juvenile court found appellant delinquent and placed him on probation for eight years.  The State then moved to revoke appellant's probation, alleging violations of the terms of his

---

[1]    *See* TEX. PENAL CODE ANN. § 29.03(a)(2); *see also id.* § 29.02(a).

probation. Appellant pleaded true to the allegations that he had violated the terms of his probation. The juvenile court revoked appellant's probation and sentenced him to commitment with the Texas Juvenile Justice Department for a period of eight years. Appellant filed a notice of appeal from the trial court's judgment.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *see also In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (holding *Anders* procedures apply to juvenile appeals).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that he provided appellant with a copy of his *Anders* brief and his motion to withdraw. Counsel also informed appellant of his right to examine the appellate record and file a response to counsel's *Anders* brief. Further, counsel provided appellant with a form motion to access the appellate

record.[2]  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).  Appellant did not file a pro se response to his counsel's *Anders* brief.

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous.  *See Anders*, 386 U.S. at 744 (emphasizing reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).

**Conclusion**

We affirm the judgment of the trial court.  We deny appellant's appointed counsel's motion to withdraw on the grounds that the Texas Supreme Court has held that appellant's right to counsel extends to "all proceedings in [the Texas Supreme

---

[2]  This Court also notified appellant that counsel had filed an *Anders* brief and a motion to withdraw and informed appellant that he had a right to examine the appellate record and file a response to his counsel's *Anders* brief.  And this Court provided appellant with a form motion to access the appellate record.  *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

3

Court], including the filing of a petition for review." *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016); *see also In re J.F.S.*, No. 01-23-00784-CV, 2024 WL 3259846, at *1 (Tex. App.—Houston [1st Dist.] July 2, 2024, pet. denied) (mem. op.) (denying appointed counsel's motion to withdraw in same context); *In re A.C.*, Nos. 01-15-00931-CV to 01-15-00933-CV, 2016 WL 1658777, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2016, no pet.) (mem. op.) (applying *In re P.M.* in juvenile appeal). Because appointed counsel's obligations to appellant have not yet been discharged, if appellant, after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d at 27–28; *see also In re J.F.S.*, 2024 WL 35259846, at *1. We dismiss any other pending motions as moot.


Julie Countiss
Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss